PEOPLE v MEREDITH

Docket No. 111977. Decided December 9, 1998. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, reversed the judgment of the Court of Appeals and the order of the circuit court, and remanded the case to the circuit court for further proceedings. Rehearing denied *post*, 1234.

James D. Meredith, Angela L. Barnes, and Cecil D. Peoples were indicted by an Oakland Circuit Court grand jury for conspiracy to deliver 650 or more grams of cocaine. The courier in the criminal enterprise entered a guilty plea and promised to testify truthfully against the indicted defendants. Initially, the 52nd Judicial District Court, Ralph H. Nelson, J., dismissed the prosecution on the ground that venue was not proper and that the evidence of conspiracy was insufficient with regard to one of the defendants. The Oakland Circuit Court, Barry L. Howard, J., affirmed. The Court of Appeals, MURPHY, P.J., and D. E. HOLBROOK, JR., and WEAVER, JJ., denied leave to appeal (Docket Nos. 166987, 166988). The Supreme Court remanded the case as on leave granted. 444 Mich 955 (1994). On remand, the Court of Appeals, TAYLOR, P.J., and M. E. DODGE, J. (D. E. HOLBROOK, JR., J., dissenting), reversed (Docket Nos. 173161, 173162). The courier decided she did not want to testify at trial, and the prosecutor moved for permission to use her preliminary examination testimony at trial. The court, Robert Carr, J., ruled the testimony excluded. The Court of Appeals, REILLY and JANSEN, JJ. (GAGE, P.J., not participating), affirmed in an unpublished opinion per curiam (Docket No. 201370). The prosecutor seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice MALLETT, and Justices BRICKLEY, BOYLE, WEAVER, and TAYLOR, the Supreme Court *held*:

The testimony of the courier is admissible.

1. Under MRE 804(b)(1), where a witness is unavailable, testimony given by the person at an earlier hearing is not excluded by the hearsay rule if the party against whom the testimony is offered had an opportunity and similar motive to develop the testimony through cross-examination. In this case, the courier was cross-examined at length during the preliminary examination by two of

the defendants, and counsel for the other specifically waived the right to do so.

2. Preliminary examination testimony of an unavailable witness may be used at trial upon a showing that the testimony bears satisfactory indicia of reliability. The reliability requirement is satisfied "without more" if the proposed testimony falls within a firmly rooted exception to the hearsay rule. Because MRE 804(b)(1) is a firmly rooted exception, the prior testimony of the courier bears satisfactory indicia of reliability.

Reversed and remanded.

Justice CAVANAGH, joined by Justice KELLY, dissenting, would not act peremptorily, but would require the defendant to show cause why the judgments of the lower courts should not be reversed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *David G. Gorcyca,* Prosecuting Attorney, and *John S. Pallas,* Assistant Prosecuting Attorney, for the people.

PER CURIAM. This is a drug prosecution in which the key witness does not want to testify at trial. The prosecutor would like to use her preliminary examination testimony, but the circuit court and the Court of Appeals have ruled that it cannot be admitted. We reverse the judgment of the Court of Appeals and the order of the circuit court, and remand the case to the circuit court for further proceedings.

I

This case began back in 1991, when an Oakland Circuit Court grand jury indicted five persons for conspiracy to deliver 650 or more grams of cocaine. MCL 750.157a, 333.7401(2)(a)(i); MSA 28.354(1), 14.15(7401)(2)(a)(i).

The prosecution believes that the defendants were Saginaw drug merchants who purchased cocaine in Detroit for resale in their community. The criminal

enterprise had been under way for about a year when a courier was stopped for speeding in Oakland County. A search of her car produced a cache of drugs.

The courier entered a guilty plea in the circuit court. Part of the plea agreement was her promise to testify truthfully against the indicted defendants.

Initially, the district court dismissed the prosecution on the ground that venue was not proper in Oakland County. The district court also found the evidence of conspiracy to be insufficient with regard to one of the present defendants.

The prosecutor appealed. The circuit court affirmed, but the Court of Appeals reversed.[1] 209 Mich App 403; 531 NW2d 749 (1995).[2]

At some point after her May 1992 appearance, the courier decided that she did not want to testify at trial. The Oakland County Prosecuting Attorney therefore moved for permission to use her preliminary examination testimony at trial. At the December 1996 hearing on the motion, the courier testified:

*Q.* [W]ould you state your name for the record, please?

\*     \*     \*

*Q.* It's my understanding that you've been called to be a witness in this case, and that you intend to assert your Fifth Amendment privilege on yourself?

*A.* That's correct.

_____

[1] The Court of Appeals initially denied leave to appeal (order entered October 7, 1993 [Docket Nos. 166987, 166988]), but this Court remanded for consideration as on leave granted. 444 Mich 955 (1994).

[2] Lv den (interlocutory) 450 Mich 852 (1995).

*Q.* It's my belief that the basis of this assertion is that you made [sic: may?] subject yourself to other criminal charges if you testify, possibly perjury, is that correct?

*A.* Correct.

There were no further questions.[3]

The circuit court ruled that the testimony would be excluded. After granting leave to appeal,[4] the Court of Appeals affirmed.[5]

The prosecutor has applied to this Court for leave to appeal.

## II

### A

The Court of Appeals began its analysis by upholding the determination of the circuit court that the courier was an "unavailable" witness. We agree.

While invocation of the Fifth Amendment is not expressly treated in MRE 804(a),[6] it is of the same character as the other situations outlined in the sub-

---

[3] As the prosecutor notes, the exact basis of the Fifth Amendment claim is not clear on this record.

[4] Order of the Court of Appeals, entered April 18, 1997 (Docket No. 201370).

[5] Unpublished opinion per curiam, issued March 27, 1998 (Docket No. 201370).

[6] *"Unavailability as a witness" includes situations in which the declarant—*

(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement; or

(2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so; or

(3) has a lack of memory of the subject matter of the declarant's statement; or

rule. Further, while "unavailability" is a term of art under MRE 804(a), it also bears a close nexus to the ordinary meaning of the word. Thus we often have recognized that a witness, in fact, is unavailable who cites the Fifth Amendment as a justification for not testifying. *People v Fields*, 450 Mich 94, 107; 538 NW2d 356 (1995) (but see 450 Mich 106, n 16); *People v Underwood*, 447 Mich 695, 702, 708; 526 NW2d 903 (1994); *People v Watkins*, 438 Mich 627, 632; 475 NW2d 727 (1991) (opinion of CAVANAGH, C.J.).

B

Rule 804(b)(1) of the Michigan Rules of Evidence[7] provides that, where a witness is unavailable, testimony given by the person at an earlier hearing is not excluded by the hearsay rule if the party against whom the testimony is offered had an opportunity

---

(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), the declarant's attendance or testimony) by process or other reasonable means, and in a criminal case, due diligence is shown.

A declarant is not unavailable as a witness if exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying. [MRE 804(a) (emphasis added).]

[7]    The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

*Former Testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. [MRE 804(b)(1).]

and similar motive to develop the testimony through cross-examination.

In this instance, the attorneys for Mr. Meredith and Ms. Barnes cross-examined the courier at length on the second day of the May 1992 preliminary examination. Counsel for Mr. Peoples had the opportunity to cross-examine the courier at a subsequent examination,[8] but she and her client specifically waived the right to do so. Thus, Mr. Peoples also had both the "opportunity" and a "similar motive" to develop the courier's testimony.

For these reasons, the Michigan Rules of Evidence allow the introduction of the courier's preliminary examination testimony at the trial of the defendants who are before this Court today.[9]

C

Even when evidence of an unavailable witness is admissible under the Michigan Rules of Evidence, it is still necessary to determine whether use of the testimony would violate a defendant's constitutional right to confront prosecution witnesses.[10] *People v Poole*, 444 Mich 151, 162; 506 NW2d 505 (1993). Explaining

---

[8] Mr. Peoples was arrested after the other two defendants.

[9] The same result would follow from the statute, which provides:

Testimony taken at an examination, preliminary hearing, or at a former trial of the case, or taken by deposition at the instance of the defendant, may be used by the prosecution whenever the witness giving such testimony can not, for any reason, be produced at the trial, or whenever the witness has, since giving such testimony become insane or otherwise mentally incapacitated to testify. [MCL 768.26; MSA 28.1049.]

[10] US Const, Am VI; Const 1963, art 1, § 20.

this principle in *Poole*, we quoted *Ohio v Roberts*, 448 US 56, 66; 100 S Ct 2531; 65 L Ed 2d 597 (1980):

> "In sum, when a hearsay declarant is not present for cross-examination at trial, the Confrontation Clause normally requires a showing that he is unavailable. Even then, his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception."

In the specific context of MRE 804(b)(1), we earlier held in *People v Dye*, 431 Mich 58, 93; 427 NW2d 501 (1988), that the preliminary examination testimony of an unavailable witness may be used at trial upon a showing that the testimony bears satisfactory indicia of reliability.[11] The reliability requirement was also noted in *People v Bean*, 457 Mich 677, 682-683; 580 NW2d 390 (1998).

In the present case, the Court of Appeals held the evidence inadmissible on the ground that it had not been shown to be reliable:

> The trial court did not err in ruling that [the courier's] preliminary examination testimony was unreliable such that it could not be admitted as substantive evidence at trial. [The courier] specifically stated at the hearing that she would assert her Fifth Amendment privilege against self-incrimination because she would possibly subject herself to perjury charges if she testified at trial. [The courier's] assertion of her Fifth Amendment privilege on this ground must mean that she committed perjury at the preliminary examination and that such false testimony would be revealed at trial. On this basis, her preliminary examination testimony

---

[11] The opinions in *Dye* also dealt at length with a second requirement that does not pertain to the present case—due diligence in the search for missing witnesses.

must be considered to be inherently unreliable. Therefore, the totality of the circumstances indicates that [the courier's] preliminary examination testimony is not sufficiently reliable to allow its admission as substantive evidence against defendants, especially where the defendants would be unable to cross-examine [her] at trial. [Unpublished opinion per curiam, issued March 27, 1998 (Docket No. 201370), slip op at 4.]

There are two problems with this analysis. First, there is no reason to assume that the courier committed perjury at the preliminary examination. With equal plausibility, the prosecutor infers from the courier's brief testimony that she is concerned about committing perjury by giving exculpatory testimony at trial.[12]

Second, and more importantly, *Poole* and *Roberts* teach that the reliability requirement is satisfied "without more" if the proposed testimony falls within a firmly rooted exception to the hearsay rule. 444 Mich 162. To determine the admissibility of the courier's prior testimony in this case, we will thus look at whether MRE 804(b)(1) is a firmly rooted exception.[13]

This Court has not previously found MRE 804(b)(1) to be firmly rooted, but the federal courts have so

---

[12] In this regard, we recognize that one cannot invoke the Fifth Amendment to avoid future perjury.

[13] The Court of Appeals correctly cited *Roberts* for the proposition that reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. However, the Court then stated, "We need not decide whether MRE 804(b)(1) constitutes a firmly rooted hearsay exception because we agree with the trial court that the preliminary examination testimony does not bear an [sic] adequate indicia of reliability where [the courier] has asserted her Fifth Amendment privilege against self-incrimination on the ground that she may face perjury charges if she testifies at trial." Slip op at 3-4. As the Court of Appeals notes, if the testimony falls within a firmly rooted exception, reliability can be inferred "without more."

characterized FRE 804(b)(1),[14] which is worded nearly identically.[15] Indeed, the exception has been described as "deeply embedded in American jurisprudence." *United States v McKeeve*, 131 F3d 1, 9 (CA 1, 1997). In *McKeeve*, the first circuit explained:

> For this purpose, "[r]eliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Roberts*, 448 US 66; 100 S Ct 2539. So it is here: Fed R Evid 804(b)(1) limns a hearsay exception for former testimony of an unavailable witness. This exception's roots are deeply embedded in American jurisprudence. See, e.g., *Mattox v United States*, 156 US 237, 240-244; 15 S Ct 337, 338-340; 39 L Ed 409 (1895). Consistent with this tradition, courts seem disinclined to find any Confrontation Clause transgression when the prosecution offers deposition testimony under this rule. See, e.g., *Ecker v Scott*, 69 F3d 69, 71 (CA 5, 1995); [*United States v*] *Kelly*, 892 F2d [255] 261-262 [(CA 3, 1989)]; [*United States v*] *Salim*, 855 F2d [944] 954-955 [(CA 2, 1988)]. We join these courts and hold that evidence properly within the former testimony hearsay exception is, by definition, not vulnerable to a challenge based upon the Confrontation Clause.

---

[14] The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) *Former Testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. [FRE 804(b)(1).]

[15] At the time the Michigan Rules of Evidence were adopted, MRE 804(b)(1) was identical to FRE 804(b)(1). 402 Mich lxxxvii, cxxi-cxxii (1978). The current differences are slight and, over the years, we have freely cited explanatory sources from federal jurisprudence for guidance in the construction of parallel provisions in the Michigan Rules of Evidence.

See also *United States v Koon*, 34 F3d 1416, 1426 (CA 9, 1994),[16] and authorities cited therein.

Again, the fact that MRE 804(b)(1) is a firmly rooted exception means that, for present purposes, the prior testimony of the courier bears satisfactory indicia of reliability. The Confrontation Clause is satisfied, and the testimony is admissible.

For these reasons, we reverse the judgment of the Court of Appeals and the suppression order of the circuit court, and remand the case to the circuit court for further proceedings. MCR 7.302(F)(1).

MALLETT, C.J., and BRICKLEY, BOYLE, WEAVER, and TAYLOR, JJ., concurred.

CAVANAGH, J. (*dissenting*). I would not act peremptorily with regard to this application, but, instead, for the reasons set forth in the majority opinion, would require the defendant to show cause why the judgments of the lower courts should not be reversed.

KELLY, J., concurred with CAVANAGH, J.

---

[16] Reh den 45 F3d 1303 (CA 9, 1995), modified on other grounds sub nom *Koon v United States*, 518 US 81; 116 S Ct 2035; 135 L Ed 2d 392 (1996).