# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 15, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

135772

PEOPLE OF THE STATE OF MICHIGAN,
    Plaintiff-Appellee,

v

CHRISTIAN SIERRA,
    Defendant-Appellant.

SC: 135772
COA: 277838
Oakland CC: 2005-205998-FC

_____/

On November 13, 2008, the Court heard oral argument on the application for leave to appeal the January 29, 2008 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CAVANAGH, J., would grant leave to appeal.

KELLY, J. (*dissenting*).

I dissent from the order. I would grant leave to appeal so that this Court can fully explore and resolve the important question raised.

FACTS AND PROCEDURAL HISTORY

At trial in this case, defendant sought to introduce testimony from a witness regarding the drug ring in which defendant allegedly participated. The witness began testifying before the jury, but ceased when it became clear that she was incriminating herself. Once counsel had been appointed for her, she invoked her Fifth Amendment right against self-incrimination. The parties then agreed that she was unavailable to testify.

Defendant sought to introduce the witness's testimony from his brother's 1999 trial for possession of cocaine with intent to deliver. In that trial, the witness had testified for the prosecution. In both proceedings, the witness testified about her involvement in

the drug ring with defendant's brothers, Domingo and Oscar, but also testified that she did not know defendant. The prosecution opposed the defense motion for admission of the prior testimony. The trial judge granted defense counsel's motion, and the videotaped testimony from the 1999 trial was played for the jury. The jury was later unable to reach a unanimous verdict, and the trial judge declared a mistrial.

At defendant's second trial, the prosecution again sought to preclude the witness's testimony. This time, the same trial judge ruled the prior testimony inadmissible and certified the issue for appellate review. The Court of Appeals affirmed in a split decision.[1] This Court granted oral argument on the application for leave to appeal.[2]

## MRE 804(b)(1)

Michigan Rule of Evidence (MRE) 804(b)(1) dictates when testimony given by a witness at a prior proceeding is admissible. The rule allows the testimony to be admitted "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."[3]

The only question here is whether the prosecution had a similar motive to develop the witness's testimony at the 1999 trial. At defendant's second trial, the court ruled that the witness's prior testimony was inadmissible. It reasoned that the prosecution did not have the "opportunity or a similar motive" to develop her testimony at the 1999 trial.

This Court addressed the application of MRE 804(b)(1) to prior testimony given at a preliminary examination in *People v Meredith*.[4] The *Meredith* majority noted that the attorneys for some of the defendants had an opportunity to cross-examine the unavailable witness at the original examination. Counsel for the remaining defendant had both an opportunity and a similar motive to cross-examine the witness at a subsequent examination, but specifically waived defendant's right to do so. Therefore, the Court concluded, each defendant had an opportunity and a similar motive to develop the witness's testimony.[5]

*Meredith* and later Court of Appeals decisions reinforced the practice of setting a low threshold for what constitutes a "similar motive" for purposes of the admissibility of

---

[1] *People v Sierra*, unpublished opinion per curiam of the Court of Appeals, issued January 29, 2008 (Docket No. 277838).

[2] *People v Sierra,* 482 Mich 883 (2008).

[3] MRE 804(b)(1).

[4] *People v Meredith,* 459 Mich 62 (1998).

[5] *Id.* at 67.

evidence under MRE 804(b)(1).[6] This Court has also held that federal law interpreting a similar federal rule of evidence may be considered when construing the state version of the rule.[7] Therefore, cases interpreting the corresponding federal rule of evidence, FRE 804(b)(1), are also instructive.

In *United States v Foster*,[8] the Sixth Circuit Court of Appeals held that it was an abuse of discretion for the trial court to exclude prior testimony for lack of a similar motive. The witness in *Foster* testified for the prosecution at a grand jury proceeding. When he became unavailable at the time of trial, defense counsel sought to introduce his grand jury testimony because it tended to exculpate the defendant. The witness's earlier testimony summarized the witness's involvement in drug trafficking but denied that the defendant was involved. The trial court denied defense counsel's motion, but the Sixth Circuit reversed, holding that "the fact that the district court did not admit the testimony constitutes an abuse of discretion . . . because [the witness's] exculpatory testimony could have had a significant impact on the jury's verdict."[9]

I believe that the trial court and the Court of Appeals may have erred in this case in ruling that the prosecutor lacked a similar motive for developing the witness's testimony at the 1999 trial. The Court of Appeals majority framed the issue very narrowly.[10] Under its analysis, a party against whom testimony is offered would never have a similar motive for questioning a witness in a proceeding involving a different defendant. The motive would always be solely to establish the guilt of the defendant being tried at the time. Such an outcome is contrary to the clear directive of MRE 804(b)(1), which refers to testimony "given as a witness at another hearing of the same *or a different proceeding*" and also states that the testimony may be developed through "direct, cross, or redirect examination."[11]

The Court of Appeals dissenting opinion used a more expansive analysis for evaluating what constitutes a "similar motive." At the 1999 trial, the prosecutor's

---

[6] See *People v Adams*, 233 Mich App 652, 659 (1999), which cites *Meredith* as support for the conclusion that prior preliminary examination testimony is admissible. *Adams* assumes without question that the defendant had an opportunity and similar motive to develop the witness's testimony on cross-examination.

[7] *People v Katt*, 468 Mich 272, 280 (2003).

[8] *United States v Foster,* 128 F3d 949 (CA 6, 1997).

[9] *Id.* at 956.

[10] *Sierra, supra* at 3.

[11] MRE 804(b)(1) (emphasis added).

motive for developing the witness's testimony was to elicit information about her drug purchases and the drug ring run by defendant's brothers. The prosecutor's intentions at this trial would be substantially similar to his motive in that case if the witness were available to provide live testimony: to demonstrate the witness's thorough knowledge of the workings of the drug ring and familiarity with defendant's brothers. The underlying reason that the prosecution elicited those facts in the 1999 case was to prove that Domingo Sierra was guilty. It does not have a new or different motive for developing the witness's testimony in this case. Moreover, the prosecutor's underlying goal here, to prove that Christian Sierra is guilty, is not the applicable standard for determining whether the prosecutor had a similar motive to develop the witness's testimony in 1999.

The prosecution also claims that, had the witness been available at trial, it would have asked her many additional questions and sought to challenge her credibility and knowledge. But the fact that the prosecutor might ask different questions or attempt to impeach the witness is irrelevant.[12] As this Court has noted previously, MRE 804(b)(1) does not require that a party took advantage of an opportunity to develop testimony; it requires only that such opportunity existed.[13] In 1999, the prosecutor had the opportunity to ask the witness any relevant questions; the fact that he chose not to do so does not justify precluding admissible and probative testimony helpful to the defendant's case.

CONCLUSION

I believe that defendant's "similar motive" argument warrants full briefing and oral argument. For that reason, I would grant leave to appeal to resolve this jurisprudentially significant issue.

---

[12] "In virtually all subsequent proceedings, examiners will be able to suggest lines of questioning that were not pursued at a prior proceeding." *United States v DiNapoli*, 8 F3d 909, 914 (CA 2, 1993).

[13] *Meredith*, *supra* at 67.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 15, 2008

*Corbin R. Davis*
Clerk