Markman, J.
(concurring). I concur in the majority’s conclusion that RS was unavailable for purposes of *731 MRE 804(a). I respectfully disagree with the majority, however, that the facts of her youth and apparent fear of testifying in the presence of the person charged with her sexual abuse are sufficient to deem her “mentally infirm” under MRE 804(a)(4). Instead, I would hold that RS was unavailable under the general principle of unavailability found in MRE 804(a). That rule, in full, provides:
“Unavailability as a witness” includes situations in which the declarant-—
(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant’s statement; or
(2) persists in refusing to testify concerning the subject matter of the declarant’s statement despite an order of the court to do so; or
(3) has a lack of memory of the subject matter of the declarant’s statement; or
(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity, or
(5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant’s attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), the declarant’s attendance or testimony) by process or other reasonable means, and in a criminal case, due diligence is shown.
A declarant is not unavailable as a witness if exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying. [MRE 804(a) (emphasis added).]
I agree with the majority that the language relevant to analysis under MRE 804(a)(4) is the phrase “then existing ... mental. .. infirmity[.]” But in my view, a four-year-old child who, so far as we know, does not *732 suffer from any sort of developmental disability, and who appears in all respects to be an entirely normal child of this age, simply cannot be properly categorized as suffering from a mental infirmity.
The majority is correct, of course, that at least one prominent dictionary, Random House Webster’s College Dictionary (1995), defines “infirmity” as “the quality or state of being infirm; lack of strength.” This is the second definition of “infirmity” listed by Random House Webster’s. Notably, however, the first definition specifies “a physical weakness or ailment: the infirmities of age.” Id. Of course, in the present case, “mental” modifies infirmity, so that a definition of the term as “mental weakness or ailment,” including the contextual example, “the infirmities of age,” is appropriate. This first definition of “infirmity” matches up, unsurprisingly, with Random House Webster’s first definition of “infirm”: “feeble or weak in body or health, especially] because of age.” Id. The majority seizes on this last phrase, “especially because of age,” pointing out that one “cause” of “weakness or feebleness of the mind” “may be an individual’s age.” Ante at 726. The majority then ultimately holds that “MRE 804(a)(4) plainly contemplates that a declarant is unavailable for hearsay purposes when she is unable to overcome severe emotional trouble resulting from the limitations of her young age.” Ante at 729 (emphasis added).
This analysis is far too strained, in my judgment. The dictionary references to “especially because of age” and “the infirmities of age” plainly refer not to youth but to old age. When one speaks of a person who suffers from weakness or a state of feebleness because of that person’s age, or when we lament the “infirmities of age,” I believe that the reasonable reader or listener understands such references to be to advanced age. I do *733 not believe that a reasonable person would characterize a perfectly healthy and developmentally sound four-year-old child as mentally infirm, or as suffering from the infirmities of age. This interpretation is also borne out by other dictionary definitions of “infirm.” The American Heritage Dictionary (2d College ed), for instance, defines “infirm” as “[w]eak in body,[1] especially] from old age; feeble.” (Emphasis added.) Similarly, Webster’s Third New International Dictionary (1966) defines the term as “not strong or sound physically[2] : of poor or deteriorated vitality, especially] as a result of age : FEEBLE[.]” (Emphasis added.) An especially young individual cannot be said to have experienced “deteriorated vitality” as a result of age, as deterioration assumes a previous, more robust state. Thus, “deterioration] . .. as a result of age” must reasonably refer to old age. Accord People v Murry, 106 Mich App 257, 260; 307 NW2d 464 (1981) (84-year-old witness found to be “physically or mentally infirm”).
Though, for these reasons, I cannot join in the majority’s conclusion that RS was unavailable under MRE 804(a)(4) because of a “mental infirmity,” I do conclude that she was in fact unavailable under the general principle of unavailability set forth in MRE 804(a). The rule begins, “ ‘Unavailability as a witness’ includes [the five situations listed in MRE 804(a)(1) through (5)].” MRE 804(a) (emphasis added). Use of the word “includes,” of course, indicates that the list of five situations is not exhaustive or all-encompassing. See Random House Webster’s (“include” means “to contain or encompass as part of a whole”) (emphasis added). *734 This rather obvious proposition is bolstered by our caselaw. In People v Meredith, 459 Mich 62, 65; 586 NW2d 538 (1998), we held that a would-be witness who intended to assert her Fifth Amendment right and not testify at trial was “unavailable” as a witness for purposes of MRE 804(a), even though the situation was “not expressly treated in MRE 804(a) . . . .” We stated that invocation of the Fifth Amendment right “is of the same character as the other situations outlined in the subrule.” Id. at 65-66. The Court of Appeals has reached a similar conclusion in a case in which the would-be witness appeared at court the day of trial but abruptly left the courthouse before testifying. “[WJhile [the would-be witness’s] eleventh-hour decision to leave the courthouse rather than testify at trial is not expressly addressed under MRE 804(a),” the Court said, “it is also of the same character as other situations outlined in that rule of evidence.” People v Adams, 233 Mich App 652, 658; 592 NW2d 794 (1999), citing Meredith, 459 Mich at 65-66.
“[WJhile ‘unavailability’ is a term of art under MRE 804(a), it also bears a close nexus to the ordinary meaning of the word.” Meredith, 459 Mich at 66. Random House Webster’s defines “available” first as “suitable or ready for use; at hand” and second as “readily obtainable; accessible[.J” American Heritage likewise defines the term first to mean “[ajccessible for use; at hand.” Examination of MRE 804(a)(1) through (5) suggests that, in addition to not being “suitable or ready for use; at hand,” in order for a would-be witness to be deemed “unavailable” under MRE 804(a), it must also be the case that efforts to render the would-be witness “suitable or ready for use; at hand” or “accessible for use”: (1) are impermissible (as in the case of MRE 804(a)(1)); (2) have failed to yield availability (as *735 in the cases of MRE 804(a)(2) and (5)); or (3) would be futile (as in the cases of MRE 804(a)(3) and (4)).
In this case the trial court separately ruled that, under MRE 601, RS was not competent to testify. That rule provides that a person is competent to testify unless she “does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably . . . .” Thus, in order to be found incompetent to testify, an individual must either: (1) lack sufficient mental or physical capacity or (2) lack a sense of obligation to testify truthfully and understandably. In this case, there was no indication of physical incapacity on RS’s part, and the trial court found that RS was not lacking in mental capacity. Further, the trial court found that RS was “able to testify if she [could have taken] the equivalent of the oath.” These facts, taken together, clearly demonstrate that the trial court found RS incompetent not because of a lack of “sufficient physical or mental capacity,” but because RS lacked a “sense of obligation to testify truthfully and understandably.” Indeed, when the trial court attempted to qualify her as a witness, RS indicated that she did not know the difference between the truth and a lie.
Further, as the facts set forth by the majority indicate, two good-faith efforts to qualify RS as a witness were made and failed. When RS was called as a witness at trial, the judge asked RS a lengthy and specially tailored set of questions designed to determine whether RS was able to distinguish between the truth and a lie, and she did not respond satisfactorily. After this effort failed, the judge had RS return to her parents for several minutes, presumably to calm her down. Counsel, RS’s parents, and a police officer then met together in the judge’s chambers during a 40-minute recess. *736 Following this recess, a second effort to qualify RS was made, with the judge again carefully questioning RS in a manner sensitive to her youth. This effort also failed. When the prospect of having the parties’ attorneys ask RS questions regarding her ability to testify was raised, Stanley Duncan’s counsel responded, “I have [no questions],” and Vita Duncan’s counsel said nothing.
In summary, the trial court found that RS lacked a sense of obligation to tell the truth. She therefore was not “suitable or ready for use; at hand” as a witness. Repeated good-faith attempts to qualify RS (and thus render her available) were unsuccessful. Because the trial court found that RS lacked a sense of obligation to tell the truth, and because good-faith efforts to qualify her as a witness were made yet failed, RS was genuinely “unavailable” under the general principle of unavailability found in MRE 804(a), and I would hold accordingly.

 Or, given the modifier “mental” in MRE 804(a)(4), read “mind” rather than “body.”

 Again, because we are dealing with “mental infirmity,” “mentally” should be substituted for “physically” here.