# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CLARENCE WILLIAM BORNS,

        Defendant-Appellant.

UNPUBLISHED
December 30, 2014

No. 318376
Wayne Circuit Court
LC No. 13-002129-FC

Before: DONOFRIO, P.J., and FORT HOOD and SHAPIRO, JJ.

PER CURIAM.

Defendant was charged with three counts of assault with intent to commit murder, MCL 750.83, arising out of a single incident with three complainants, James Rankin (Rankin), Evelyn Hardwick (Evelyn), and Latisha Hardwick (Latisha). At a jury trial, defendant was convicted of this charge as to Rankin, convicted of the lesser included charge of assault with intent to do great bodily harm less than murder, MCL 750.84, as to Evelyn, and acquitted as to Latisha. He was also convicted of felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.

The case arises from a shooting that occurred on December 9, 2012 in Detroit. That morning, Evelyn discovered broken windows in two of her homes. Her son, Rankin, believed that his former girlfriend, Carlyssa Borns, was somehow involved in causing the damage. Evelyn, Rankin, Latisha, and Evelyn's other daughter, Lativia Hardwick (Lativia), went together to the Borns' family home to get more information. They drove and parked several houses away from the home. Members of the Borns family, including defendant, were outside their house. Evelyn and her two daughters testified that defendant admitted responsibility for breaking the windows, then pulled out a gun and fired a single shot into the air. They further testified that defendant then chased them and shot at them, with Rankin being shot twice in the leg. They ran to a neighbor's home for help and defendant left the scene in a nearby vehicle. In separate photographic lineups, all four witnesses identified defendant as the shooter.

At trial, Detroit Police Officer Eric Richards testified that Lativia's car showed signs of a shooting—a shattered window, a bullet hole near the trunk, and blood in the back seat. He also testified that he visited Rankin in the hospital and described his gunshot wounds.

Rankin died shortly before trial, although apparently not from his wounds suffered in the instant shooting. The prosecution therefore moved to admit Rankin's preliminary examination

-1-

testimony at trial. Over defense objection, the trial court ruled that Rankin was unavailable pursuant to MRE 804(a)(4) and admitted the testimony, which was read to the jury. This included Rankin's testimony that defendant shot him twice in the leg.

On appeal, defendant argues that admission of Rankin's preliminary examination testimony was error because it failed to meet the requirements of MRE 804(b)(1) and violated the Confrontation Clause.[1]

Statements made during a preliminary examination are testimonial and implicate the Confrontation Clause. *Crawford v Washington*, 541 US 36, 68; 124 S Ct 1354; 158 L Ed 2d 177 (2004). The constitutional right to confront adverse witnesses "bars the admission of testimonial statements of a witness that does not appear at trial unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness." *People v Walker*, 273 Mich App 56, 60-61; 728 NW2d 902 (2006). Similarly, MRE 804(b)(1) provides an exception to the hearsay exclusionary rule and permits admission of a declarant's previous testimony "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony" through cross-examination.

The first requirement was satisfied because Rankin was dead and so unavailable for trial. See MRE 804(a)(4) (a deceased declarant is "unavailable"). Defendant argues, however, that Rankin's preliminary examination testimony should not have been admitted because defendant lacked an opportunity and similar motive to question him during that examination. "Whether a party had a similar motive to develop the testimony depends on the similarity of the issues for which the testimony was presented at each proceeding." *People v Farquharson*, 274 Mich App 268, 275; 731 NW2d 797 (2007). The factors considered in evaluating similarity are:

> (1) whether the party opposing the testimony 'had at a prior proceeding an interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue'; (2) the nature of the two proceedings-both what is at stake and the applicable burden of proof; and (3) whether the party opposing the testimony in fact undertook to cross-examine the witness (both the employed and available but forgone opportunities). [*Id*. at 278.]

The preliminary examination gave defendant an adequate opportunity for cross-examination of Rankin and the motive for conducting that examination was strongly similar. The purpose of a preliminary examination is to establish probable cause that a crime has been committed and that defendant committed the crime. *People v Johnson*, 427 Mich 98, 104; 398 NW2d 219 (1986). The prosecutor presented Rankin's testimony at trial for the same reason it was elicited at the preliminary examination—as evidence that defendant committed the charged offenses by shooting at Rankin, his sisters, and his mother. Although the burden of proof at the preliminary hearing was lower than that at trial, defendant still had a similar motive to cross-examine the witnesses against him. See *People v Meredith*, 459 Mich 62, 67; 586 NW2d 538

---

[1] Preserved issues of constitutional error are reviewed de novo. *People v Pipes*, 475 Mich 267, 274; 715 NW2d 290 (2006).

(1998) (holding preliminary examination testimony of an unavailable witness was admissible against the defendant under the Confrontation Clause and MRE 804(b)(1)).

Indeed, defendant took advantage of his opportunity to cross-examine Rankin at the prior hearing. Defendant's counsel questioned Rankin about a personal protection order Carlyssa Borns had against him. He also elicited an admission that Rankin first went to the Borns' home alone earlier on the morning in question, specifically to confront Carlyssa.

Defendant's decision to obtain new counsel between the preliminary examination and trial does not compel a different conclusion. Defendant argues that his attorneys employed different strategies; counsel at the preliminary examination questioned Rankin about his past instances of violence while trial counsel sought to undermine the witnesses' identification of defendant as the shooter. However, the preliminary examination provided defendant an opportunity to question Rankin on all relevant topics, including his identification of defendant. Defendant thus had a similar motive to develop testimony during the preliminary examination even if defendant's prior counsel treated it as an "available but forgone opportunit[y]." *Farquharson*, 274 Mich App at 278; see also *Meredith*, 459 Mich at 67 (a defendant who waived the right to cross-examine an adverse witness at a preliminary examination had both the opportunity and motive to develop testimony).

The Confrontation Clause also requires that the proposed testimony bear adequate "indicia of reliability[.]" *People v Adams*, 233 Mich App 652, 659-660; 592 NW2d 794 (1999), citing *Meredith*, 459 Mich at 67-71. Reliability is assumed in this case because the rule permitting admission of an unavailable witness's prior testimony, MRE 804(b)(1), is a firmly rooted hearsay exception. *Meredith*, 459 Mich at 67-70; *Adams* 233 Mich App at 659-660.

Accordingly, admission of Rankin's preliminary examination testimony at trial did not violate defendant's Confrontation Clause rights and, for the same reasons, was properly admitted under MRE 804(b)(1).

Defendant next argues that there was insufficient evidence to support his conviction of assault with intent to murder Rankin.[2] We review the evidence in a light most favorable to the prosecution to determine whether the jury could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Ortiz-Kehoe*, 237 Mich App 508, 520; 603 NW2d 802 (1999).

To establish assault with intent to murder, the prosecution must establish "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Brown*, 267 Mich App 141, 147-148; 703 NW2d 230 (2005) (quotation marks and citations omitted). Assault with intent to commit murder is a specific intent crime. *Id*. at 147. Defendant does not assert any instructional error as to the elements of this offense or the definitions relevant to those elements.

---

[2] A claim of insufficient evidence to support a conviction is reviewed de novo. *People v Harverson*, 291 Mich App 171, 175-176; 804 NW2d 757 (2010).

Defendant argues only that there was insufficient evidence for a jury to properly conclude that he possessed a specific intent to kill Rankin. Intent to kill may be inferred from the circumstances and minimal circumstantial evidence may be sufficient to prove the actor's state of mind. *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999). Evelyn and both of her daughters testified that defendant pulled out a gun, chased them, and shot at them, injuring Rankin. At the preliminary examination, Rankin offered a similar version of events, stating that defendant shot him twice in the leg. All four witnesses separately identified defendant as the shooter. Officer Richards also testified to Rankin's gunshot wounds and to the bullet holes in the car. The jury could reasonably infer defendant's intent to kill based on his use of a gun, a weapon "naturally adapted to produce death," which he shot in the complainants' direction, striking Rankin twice. *People v Taylor*, 422 Mich 554, 568; 375 NW2d 1 (1985). Defendant was not required to announce his intent, *McRunels*, 237 Mich App at 181, and the jury had proper grounds to infer intent, *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). Accordingly, there was sufficient evidence for the jury to find that defendant possessed the necessary intent to kill Rankin and, therefore, defendant's assault with intent to murder conviction was supported by sufficient evidence.

Affirmed.

/s/ Pat M. Donofrio
/s/ Karen Fort Hood
/s/ Douglas B. Shapiro

-4-