# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DION TERRELL WADE,

       Defendant-Appellant.

UNPUBLISHED
February 23, 2016

No.  324365
Washtenaw Circuit Court
LC No.  14-000180-FC

Before:  HOEKSTRA, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Dion Terrell Wade, appeals by right his jury convictions of carjacking, MCL 750.529a, and unarmed robbery, MCL 750.530.  The trial court sentenced Wade as a fourth-habitual offender, MCL 769.12, to serve concurrent prison terms of 210 to 540 months for each conviction.  For the reasons more fully explained below, we affirm.

Antoine Montu testified that he offered to give three pedestrians—Wade, Cameron Hall, and Quintez Gardner—a ride.  Wade got into the front passenger seat while the other two men sat in the back.  The men asked Montu to drive them to a local market, and he did.  After leaving the market, Montu agreed to drive them home.  Wade directed Montu to an area near a UPS building and told him to turn the car around and stop.  As Wade thanked Montu for the ride, Gardner grabbed Montu's neck and punched him.  Wade then searched the car and took Montu's cell phone and GPS unit.  Hall got out and opened the driver's door; he then searched Montu and took his wallet.  When Montu finally got away, he saw Wade flee on foot while Hall and Gardner drove away in his car.

An officer stopped Gardner and Hall in a different vehicle.  Officers found Montu's driver's license, credit card, and debit card in the car.  Officers later discovered that Gardner was in possession of Montu's key.  Officers reviewed the recordings from the cameras at the market to help identify the men involved.  Eventually, officers arrested Wade for involvement in the carjacking and robbery.

Wade first contends that the trial court erred when it refused to allow his trial lawyer to elicit testimony about statements made by third-parties on the ground that the statements would be hearsay.  This Court reviews a trial court's decision concerning the admission of evidence for an abuse of discretion.  *People v Layher*, 464 Mich 756, 761; 631 NW2d 281 (2001).  "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled

-1-

outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). "However, where decisions regarding the admission of evidence involve preliminary questions of law such as whether a rule of evidence or statute precludes admissibility, our review is de novo." *Layher*, 464 Mich at 761.

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). "Hearsay is generally prohibited and may only be admitted at trial if provided for in an exception to the hearsay rule." *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010), see also MRE 802. Exceptions to the hearsay rule are divided into those where the declarant is unavailable, MRE 804, and those where the availability of the declarant is immaterial, MRE 803.

The trial court sustained a hearsay objection when Wade's trial lawyer attempted to question an officer about statements that Gardner made. The court took judicial notice that Gardner and Hall were unavailable because they were codefendants and still had pending cases. Wade contends that these evidentiary rulings prevented him from showing that Gardner told the officer that a man named Paul Wilson was involved. Wade argues that Gardner was actually available, and even if he were unavailable, his statement would have been admissible as a statement against interest.

A statement against interest is admissible if the declarant is unavailable:

A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. [MRE 804(b)(3).]

Here, Gardner allegedly told an officer that he and Paul Wilson were the carjackers. Such a statement was clearly against Gardner's interest because it subjected him to criminal liability. However, the statement was still inadmissible; when a hearsay statement is offered to exculpate the accused, the corroborating circumstances must "clearly indicate the trustworthiness of the statement." MRE 804(b)(3). Montu identified Wade as one of the three men involved, and he identified the other two men as Hall and Gardner. He never indicated that another person was involved. Montu's identification was further corroborated by the surveillance video from the market, which was shown to the jury. It was undisputed that it showed Gardner, Hall, Wade, and Montu in the market together shortly before the carjacking. Finally, even Wade admits in his brief on appeal that Gardner retracted his statement and implicated Wade and Hall at his plea hearing. Thus, Gardner's statement lacked the indicia of trustworthiness required for admission as a statement against interest offered to exculpate the accused. *Id.*

The court also prevented Wade's lawyer from asking an officer about statements that a suspect made to the officer. Wade maintains that the suspect's statement about depositing money into Gardner's bank account should have been admissible as a statement against penal interest. However, standing alone, the statement does not harm his pecuniary or proprietary interests, nor does it "subject him to civil or criminal liability." MRE 804(b)(3). Consequently, the statement does not fall within the exception.

-2-

Wade also argues that the trial court erred by taking judicial notice that Gardner was unavailable to testify.[1] A witness is unavailable to testify, in relevant part, when the declarant "is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement." MRE 804(a). As such, a witness is unavailable for the purposes of MRE 804(a) if the witness cites the Fifth Amendment as a justification for not testifying. *People v Meredith*, 459 Mich 62, 66; 586 NW2d 538 (1998).

Wade contends that Gardner was unprotected by the Fifth Amendment privilege against self-incrimination because he already incriminated himself by pleading guilty, and he was awaiting sentencing. However, a defendant that awaits sentencing after pleading guilty may still invoke the Fifth Amendment's protection against self-incrimination. *Mitchell v United States*, 526 US 314, 327; 119 S Ct 1307; 143 L Ed 2d 424 (1999).

We also reject Wade's argument that the trial court erred by assuming that Gardner would assert his privilege. Even if Gardner had been available, Wade has not specified on appeal what hearsay exception would apply to Gardner's statement. He simply asserts that the trial court erred by finding the witness to be unavailable. This is insufficient to establish error warranting relief. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

In any event, even if it were error for the trial court to exclude the statement, the error would be harmless. See *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). Montu's testimony plainly contradicted Gardner's statement, and Wade admits that Gardner retracted it and implicated Hall and Wade at his plea hearing. Further, the suspect's statement about placing money in Gardner's bank account is unrelated to Wade's guilt or innocence. Thus, any alleged evidentiary error in these matters was not outcome determinative. *Id.*

Wade finally maintains that the trial court improperly punished him for exercising his right to a jury trial by giving him a longer sentence than given to his co-defendants who pleaded guilty. "A sentencing court cannot base its sentence on a defendant's decision to exercise his constitutional right to a jury trial." *People v Brown*, 294 Mich App 377, 389; 811 NW2d 531 (2011). However, it is not per se unconstitutional when a defendant receives a higher sentence following a trial than he would have received from a plea. *Id.*

Wade stated his concern that he was being punished for going to trial at sentencing and the trial court addressed it. Contrary to Wade's argument, the court's statements did not offer

---

[1] Wade takes issue with the trial court's determination that both Gardner and Hall were unavailable, but only addresses Gardner. Therefore, we limit our discussion accordingly. Additionally, Wade argues that it is problematic that there was no explanation as to how the suspect was unavailable. However, the trial court only ruled that the statement was hearsay; it did not specifically rule that the suspect was unavailable.

any indication that it imposed the sentence to penalize Wade for exercising his right to trial by jury. Instead, the court's statement reflected the obvious fact that it listened to trial testimony, which provided the court with more information about the crime than it would otherwise have if Wade had pleaded guilty and the factual record was abbreviated. Additionally, the court explained that the codefendants had pleaded to only one charge, whereas the jury convicted Wade of both charges. Wade was also subject to the enhancements for a fourth habitual offender. We further note that Wade's minimum sentence was within the guideline range, and the trial court declined to exercise its discretion to impose consecutive sentences. On the totality of the record, there is no evidence that the trial court imposed a harsher sentence to punish Wade for exercising his right to a jury trial.

There were no errors warranting relief.

Affirmed.

/s/ Joel P. Hoekstra
/s/ Patrick M. Meter
/s/ Michael J. Kelly