# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CLIFTON SHARY-SHMORREE-L
WITHERSPOON,

       Defendant-Appellant.

UNPUBLISHED
May 11, 2017

No.  331533
Kent Circuit Court
LC No.  15-004465-FC

Before:  WILDER, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Defendant, Clifton Shary-Shmorree-L Witherspoon, was convicted by a jury of first-degree felony murder, MCL 750.316(1)(b), armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.157a, and second-offense possession of a firearm during the commission of a felony, MCL 750.227b, and sentenced as a fourth-offense habitual offender, MCL 769.12, to life in prison without parole for the murder conviction, 35 to 90 years in prison for the armed-robbery conviction, 35 to 90 years in prison for the conspiracy conviction, and five years in prison for the possession conviction.  Defendant now appeals as of right, challenging his convictions and sentences.  We affirm defendant's convictions but remand this matter for the limited purpose of amending the judgment of sentence as described below.

On appeal, defendant first argues that his constitutional rights to a fair trial, to confront the witnesses against him, and to present a defense were violated when the trial court permitted the preliminary-examination testimony of one witness, Darin Gibson, to be read into the record during trial.  He claims that the trial court was required to either exclude this testimony or provide a missing-witness instruction.  See M Crim JI 5.12.  Ultimately, defendant's argument is based on his position that the prosecution did not exercise due diligence in its efforts to procure Gibson's presence for trial.  We disagree in all respects.

While evidentiary decisions are generally reviewed for an abuse of discretion, constitutional claims are reviewed de novo if they were properly preserved or for plain error affecting substantial rights if they were not.  *People v Gaines*, 306 Mich App 289, 306; 856 NW2d 222 (2014); *People v Aceval*, 282 Mich App 379, 389; 764 NW2d 285 (2009)..

Rule 804(B)(1) of the Michigan Rules of Evidence provides that, where a witness is unavailable, testimony given by the person at an earlier hearing is not

-1-

excluded by the hearsay rule if the party against whom the testimony is offered had an opportunity and similar motive to develop the testimony through cross-examination. [*People v Meredith*, 459 Mich 62, 66-67; 586 NW2d 538 (1998).]

"Even when evidence of an unavailable witness is admissible under the Michigan Rules of Evidence, it is still necessary to determine whether use of the testimony would violate a defendant's constitutional right to confront prosecution witnesses." *Id.* at 67. Relatedly, while a defendant's constitutional right to present a defense is subject to reasonable limitations, evidentiary decisions are not permitted to infringe on that right. *People v King*, 297 Mich App 465, 474; 824 NW2d 258 (2012). Furthermore, it is undisputed that criminal defendants are constitutionally guaranteed a fair trial. *Aceval*, 282 Mich App at 391. It is defendant's position that the trial court violated these constitutional rights by declaring Gibson "unavailable."

A witness is "unavailable" for purposes of MRE 804(B)(1) when he or she "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown." MRE 804(a). Due diligence requires that the prosecution make a good-faith, reasonable effort to locate the witness for trial. *People v Bean*, 457 Mich 677, 684; 580 NW2d 390 (1998). Whether the prosecution made a good-faith, reasonable effort to locate a witness for trial depends on the facts and circumstances of each case. *Id.*

In this case, we conclude that the prosecution exercised due diligence in its efforts to procure Gibson's presence for trial. Gibson was released from prison on parole on October 13, 2015, less than two weeks before the start of trial in this case. During trial but outside the presence of the jury, Noemi Aguilar, "a Victim/Witness Advocate for the Kent County Prosecutor's Office," testified that she had spoke with Gibson's parole officer "every day" since he was released in hopes of learning his location. However, Aguilar testified, Gibson did not appear at a specific homeless shelter as required under the conditions of his parole and was therefore "listed as an absconder." She testified that "the absconder recovery unit" "had tried to locate him through a brother . . . and had no luck there" as well as a daughter who "has nothing, really, to do with him and doesn't want anything to do with him." In our view, these efforts were sufficient for constitutional purposes. On appeal, defendant appears to suggest that prosecution's efforts were insufficient because Gibson was never physically served with a subpoena, but we find this fact to be of little significance considering the fact that the absconder recovery unit could not locate him. Furthermore, it is important to note that Gibson agreed to testify on behalf of the prosecution in this case without being promised anything in exchange for his testimony. Instead, he agreed to testify because he wanted the victim's family to have closure and felt that defendant showed no remorse for his actions. In light of these facts, there is nothing to suggest that the prosecution should have anticipated Gibson's disappearance upon release. Therefore, we conclude the prosecution exercised due diligence in its efforts to procure Gibson's presence for trial, and, for that reason, the trial court correctly decided not to provide a missing-witness instruction as requested by defendant. Accordingly, defendant's constitutional rights to a fair trial, to confront the witnesses against him, and to present a defense were not violated when the trial court permitted Gibson's preliminary-examination testimony, which was subject to cross-examination by defendant's trial counsel, to be read into the record during trial.

Defendant also argues on appeal that his constitutional rights to the effective assistance of counsel and to present a defense were violated when the trial court prohibited him from presenting the testimony of several witnesses on his behalf. In essence, he claims that had the trial court allowed these witnesses to testify, he would have been able to establish an alibi defense against each of the charges. We disagree.

As stated above, a trial court's evidentiary decisions are generally reviewed for an abuse of discretion. *Gaines*, 306 Mich App at 306. This includes a trial court's decision to admit or exclude alibi testimony when that notice is untimely. *People v Travis*, 443 Mich 668, 679-680; 505 NW2d 563 (1993). If constitutional issues are preserved, they are reviewed de novo; if constitutional issues are unpreserved, they are reviewed for plain error affecting substantial rights. *Gaines*, 306 Mich App at 306.

"[T]o find that a defendant's right to effective assistance of counsel was so undermined that it justifies reversal . . . a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). Furthermore, as stated above, evidentiary decisions are not permitted to infringe on a defendant's constitutional right to present a defense. *King*, 297 Mich App at 474.

In Michigan, trial courts have "broad discretion" when deciding whether to admit or exclude alibi evidence at trial. *People v Merritt*, 396 Mich 67, 80; 238 NW2d 31 (1976). Various court rules and statutory provisions control in situations where a defendant seeks to present an alibi defense and witnesses to support such a defense. First, MCR 6.201(A)(1) generally requires defendant to disclose "the names and addresses of all lay and expert witnesses whom the party may call . . . no later than 28 days before trial."

Similarly, MCL 768.20(1) provides sets forth the notice requirements that apply when a defendant seeks to present an alibi defense. It provides as follows:

(1) If a defendant in a felony case proposes to offer in his defense testimony to establish an alibi at the time of the alleged offense, the defendant shall at the time of arraignment on the information or within 15 days after that arraignment but not less than 10 days before the trial of the case, or at such other time as the court directs, file and serve upon the prosecuting attorney a notice in writing of his intention to claim that defense. The notice shall contain, as particularly as is known to the defendant or the defendant's attorney, the names of witnesses to be called in behalf of the defendant to establish that defense. The defendant's notice shall include specific information as to the place at which the accused claims to have been at the time of the alleged offense.

MCL 768.21(1) sets forth the consequences that apply when a defendant fails to comply with MCL 768.20(1). It provides as follows:

(1) If the defendant fails to file and serve the written notice prescribed in section 20 . . . the court shall exclude evidence offered by the defendant for the purpose of establishing an alibi . . . of the defendant. If the notice given by the

defendant does not state, as particularly as is known to the defendant or the defendant's attorney, the name of a witness to be called in behalf of the defendant to establish a defense specific in section 20 . . . the court shall exclude the testimony of a witness which is offered by the defendant for the purpose of establishing that defense.

Our Supreme Court has held that the decision whether to permit a defendant to file an untimely alibi rests within the trial court's discretion. *Travis*, 443 Mich at 679-680. When exercising that discretion, trial courts turn to what is known as "the *Myers* test," which sets forth a series of factors that are to be considered when deciding whether to admit or exclude untimely disclosed witnesses:

(1) the amount of prejudice that resulted from the failure to disclose, (2) the reason for nondisclosure, (3) the extent to which the harm caused by nondisclosure was mitigated by subsequent events, (4) the weight of the properly admitted evidence supporting the defendant's guilt, and (5) other relevant factors arising out of the circumstances of the case. [*Id*. at 682, quoting *United States v Myers*, 550 F2d 1036, 1043 (CA 5, 1977) (internal quotation marks omitted).]

In this case, we conclude that the trial court correctly prohibited defendant from presenting the testimony of several witnesses. The record reflects that, less than one week before trial was scheduled to commence, defendant expressed an intent to call 12 witnesses at trial on his behalf. This untimely notice apparently provided contact information for only one of the 12 potential witnesses, and three of the remaining 11 were apparently from out of state. It appears that only two of the 12 were identified on the prosecution's witness list, and the record reflects that at least those two were made available by the prosecution for defendant to call if he chose to. Similarly, it is undisputed that defendant's alibi notice was also untimely. Before the trial court and again on appeal, defendant makes no effort to explain why he did not express his intent to call these witnesses or file his alibi notice in a timely fashion. Rather, he simply claims that the prosecution would not have been prejudiced. In our view, more is required to render the trial court's decision erroneous. Stated simply, there is nothing in the record to suggest that these witnesses would have actually testified in a manner that assisted defendant's case other than his unsworn assertions in his filing and his brief on appeal.

Indeed, in reviewing the applicable factors set forth in the *Myers* test, it is difficult to imagine that any actually weigh in defendant's favor. With respect to the first factor, it is apparent that the prosecution would have been prejudiced as a result of defendant's failure to timely disclose. The disclosure included essentially no contact information for the prosecution, and, because of the untimely and vague nature of the notice, the prosecution would have had no idea what the witnesses' testimony would have been had they testified at trial. With respect to the second factor, defendant has not provided *any* explanation as to why these filings could not have been completed in a timely fashion. Similarly, with respect to the third factor, no mitigating events have taken place since the untimely filings were made. Had defendant provided contact information or summaries of the potential witnesses' testimony at a subsequent date, this may well have impacted our analysis. But, he did not. Instead, he simply asks that we assume that his failure to timely identify his potential witnesses and file an alibi notice was for good cause, and that, had he, these potential witnesses would have provided favorable testimony.

We are not willing to make those assumptions. Finally, with respect to the fourth factor, the record reflects a substantial amount of evidence to support the jury's guilty verdicts. For example, eyewitness testimony and defendant's own admissions to Gibson, coupled with defendant's less-than-credible explanation of his actions on the night at issue, strongly support the jury's guilty verdicts. Therefore, we conclude that the trial court correctly prohibited defendant from presenting the testimony of several witnesses and an alibi defense. Accordingly, defendant's constitutional rights to the effective assistance of counsel and to present a defense were not violated when the trial court prohibited him from doing so.

Lastly, defendant argues that the judgment of sentence must be corrected to reflect that only defendant's sentence for the murder conviction is to be served consecutive to his sentence for the possession conviction. The prosecution concedes the same, and we agree. See *People v Clark*, 463 Mich 459, 463-465; 619 NW2d 538 (2000). Accordingly, a remand to the trial court for the limited purpose of correcting the judgment of sentence in that regard is appropriate.

Affirmed but remanded for correction of the judgment of sentence.

/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien