PEOPLE v ADAMS

Docket No. 203740. Submitted September 1, 1998, at Detroit. Decided February 2, 1999, at 9:20 A.M. Leave to appeal denied, 459 Mich ___.

Wilmor Adams was charged in the Detroit Recorder's Court with assault with intent to commit murder, possession of a firearm during the commission of a felony, being a felon in possession of a firearm, and being a fourth-offense habitual offender. The court, Gershwin A. Drain, J., dismissed the charges after denying the prosecution's motion under MRE 804 to declare the complainant unavailable and to admit into evidence the testimony she gave at the defendant's preliminary examination. The complainant had appeared in court on the day of the defendant's trial, but had expressed nervousness about intimidation and reprisal by the defendant or by others acting on behalf of the defendant. The complainant had disappeared without warning or notice before the proceedings began and could not be located by the prosecution. The prosecution appealed.

The Court of Appeals *held*:

MRE 804(a)(2) provides that a declarant who persists in refusing to testify concerning the subject matter of the declarant's statement is an unavailable witness, and MRE 804(b)(1) provides that where a declarant is unavailable as a witness, the hearsay rule does not exclude testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony on direct, cross, or redirect examination. In this case, the trial court abused its discretion in denying the prosecution's motion to admit into evidence the complainant's preliminary examination testimony and in dismissing the charges against the defendant. The complainant was an unavailable witness under the circumstances of this case, and her preliminary examination testimony was admissible under MRE 804(b)(1) inasmuch as defense counsel had an opportunity and similar motive to develop her testimony on cross-examination. Because MRE 804(b)(1) is a hearsay exception firmly rooted in American jurisprudence, the constitutional right to confront witnesses, US Const, Am VI; Const 1963, art 1, § 20, is satisfied when the preliminary examination tes-

timony is admitted inasmuch as that testimony bears satisfactory indicia of reliability.

Reversed and remanded for further proceedings.

EVIDENCE — HEARSAY — UNAVAILABLE DECLARANTS — PRIOR TESTIMONY.

The rule against hearsay does not bar the admission in a criminal trial of testimony given by the complainant at the preliminary examination of the defendant if the complainant is unavailable as a witness at the trial and the defense had an opportunity and motive to develop the testimony of the complainant on cross-examination; a complainant is unavailable as a witness at the trial if the complainant, fearing intimidation or reprisal by the defendant or by those acting on behalf of the defendant, disappears without warning or notice before trial commences (MRE 804[a], [b][1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Janet A. Napp*, Assistant Prosecuting Attorney, for the people.

*Orlans, Sherbow & Mitchell* (by *William Mitchell, III*), for the defendant.

Before: HOLBROOK, JR., P.J., and MARKEY and WHITBECK, JJ.

MARKEY, J. The prosecution appeals by right the trial court's order dismissing the charges of assault with intent to commit murder, MCL 750.83; MSA 28.278, possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), felon in possession of a firearm, MCL 750.224f; MSA 28.421(6), and fourth-offense habitual offender, MCL 769.12; MSA 28.1084, because the complaining witness left the courthouse before testifying at trial and the trial court determined that she was not unavailable pursuant to MRE 804(a)(2). We reverse and remand.

The complainant appeared for the preliminary examination but was reluctant to testify should the examination be postponed again in the event that defense counsel failed to show. Apparently, after a prior preliminary examination date was adjourned and rescheduled, the complainant was shot at by the mother of defendant's new girlfriend. The district court asked defendant about this shooting, and he denied any knowledge. The court told defendant to alert his friends and family that they must leave the complainant alone or pay the consequences. Once defense counsel appeared in court, the complainant took the stand and testified at the preliminary examination that defendant was her ex-boyfriend and the two of them were involved in an altercation on April 27, 1996. She testified on direct examination and cross-examination that defendant choked her while she was lying on her couch, chased her when she got away from him, and shot at her four times with a twelve-gauge shotgun as he chased her around the house. Pellets from two of the shots hit her, first in her wrist,[1] then in her neck and breast. At the preliminary examination, the court understood that the complainant was very reluctant and fearful about testifying because of some threats, but complainant did testify.[2] At the conclusion of the preliminary examination, the district court bound defendant over for trial.

---

[1] The complainant testified that she told defendant he had shot her in the wrist, but he responded with "so what" and fired another shotgun blast that struck her in the neck and breast.

[2] Defendant does not challenge the fact that someone shot at the complainant before she testified at the preliminary examination or that the event made the complainant feel threatened before trial began.

The complainant appeared at court on the day of trial to testify against defendant, but she abruptly left without warning or notice before proceedings began. An assistant prosecuting attorney informed the court that he had met with the complainant that morning and that she was nervous about testifying, but she gave no indication before trial that she was going to leave.[3] Although the trial court gave the prosecution approximately two hours to locate the complainant, the prosecution's search was unsuccessful. The prosecution then asked the court to declare the complainant unavailable and to admit into evidence her preliminary examination testimony pursuant to MRE 804(b)(1) or to adjourn the trial for a day or two so that the complainant could be located.

The trial court stated that, having reviewed the complainant's prior testimony, it found that the complainant was willing to testify at the preliminary examination despite her fears and any threats she may have received. The court was therefore unconvinced that the complainant was refusing to testify and that she may have simply changed her mind about pursuing the charges:

---

[3] The assistant prosecuting attorney in the case informed the court that he met with the complainant the morning of trial. She reviewed her preliminary examination transcript, and he spoke to her. The prosecutor observed that the complainant was "very nervous about being here, and when I asked her why, she said that she had been shot at by the family of the defendant and that *she didn't want to be here and that she was very upset and nervous.*" She also asked the prosecutor whether she would have to testify, and he told her yes, it would be necessary for her to do so. The court stated that it was unsure whether "she is persisting in refusing to testify. If you say she was here this morning, then apparently she's ready, able and willing to testify." The prosecutor also spoke with the victim's advocate at the court, and she had the same experiences and impressions from speaking with the complainant that morning.

And again I think probably because she had minimal injuries in this case [i.e., a few of the shotgun pellets hit her in the neck, wrist and breast,[4] and she was only hospitalized for a day], maybe she really doesn't want to prosecute the matter and left for that reason. I don't know. And *if there were some real serious injuries, I might go ahead and use the transcript or postpone the matter.* [Emphasis added.]

The court also noted that defendant had been in custody for almost six months on these charges, so it granted defendant's motion to dismiss without prejudice, thereby allowing the prosecution to reinstate the charges at a later date.

On appeal, the prosecution argues that the trial court abused its discretion by excluding the complainant's preliminary examination testimony from evidence. We agree.

We review the trial court's decision to admit evidence for an abuse of discretion. *People v Briseno*, 211 Mich App 11, 14; 535 NW2d 559 (1995). MRE 804(a)(2) states that a witness is "unavailable" where the declarant "persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so." MRE 804(b)(1) further states that where the declarant is unavailable as a witness, the hearsay rule does not exclude

[t]estimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, or, in a civil action or pro-

---

[4] The record reveals that the complainant escaped the brunt of the multiple shotgun blasts aimed at her while she attempted to flee from defendant, but the shotgun pellets that hit and lodged in her neck and breast could not be removed surgically. Rather, the pellets would have to work their way out of her body on their own.

ceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Recently, in *People v Meredith*, 459 Mich 62, 63, 65-66; 586 NW2d 538 (1998), our Supreme Court held that a witness in a drug conspiracy case who asserted her Fifth Amendment right to silence at trial was an "unavailable" witness and her preliminary examination testimony was admissible at trial. The Supreme Court found that although invocation of the Fifth Amendment is not expressly mentioned under the five categories of "unavailability" set forth in MRE 804(a), "it is of the same character as the other situations outlined in the subrule. Further, *while unavailability is a term of art under MRE 804(a), it also bears a close nexus to the ordinary meaning of the word.*" *Id.* at 66 (emphasis added).

Once it determined that the witness was unavailable, our Supreme Court further explained that the defendants in *Meredith* had an opportunity and similar motive to develop the witness' testimony through cross-examination, as required under MRE 804(b)(1). It is also necessary to establish that preliminary examination testimony of an unavailable witness bears satisfactory indicia of reliability, in accordance with *People v Bean*, 457 Mich 677, 682-683; 580 NW2d 390 (1998), and *People v Dye*, 431 Mich 58, 93; 427 NW2d 501 (1988). *Meredith, supra* at 68. On finding that MRE 804(b)(1) is a firmly rooted hearsay exception, our Supreme Court held that the witness' prior testimony bore a satisfactory indicia of reliability, thereby satisfying the federal and state Confrontation Clauses and supporting the admission of the prelimi-

nary examination testimony at trial. *Meredith, supra* at 67-71.

Here, we also find that while a complainant's eleventh-hour decision to leave the courthouse rather than testify at trial is not expressly addressed under MRE 804(a), it is also of the same character as other situations outlined in that rule of evidence. *Meredith, supra* at 65-66. Although neither this Court nor the trial court has a statement or affidavit from the complainant explaining why she left the courthouse, her absence coupled with the type of crimes with which defendant was charged and her statements during the preliminary examination regarding the threats to her by others connected to defendant paint a fairly vivid picture. They do not, as the trial court surmised, equally support the conclusion that she wanted to "drop the charges." We are cognizant that all too often, the victims of domestic assault and abuse are fearful and reluctant to assist in the prosecution of their assailants, often as a result of a defendant's or his family's intimidation tactics or out of fear of future reprisals. These fears are too often justified. We cannot simply conclude that the complainant's last-minute decision to silently leave the courthouse was motivated by her belief that defendant would not be prosecuted without her testimony or that by leaving she would not face his wrath in the future. To the contrary, our experience in these matters makes us more likely to believe that her departure was motivated by self-preservation rather than a change of heart.

The complainant's abrupt departure, without a word to the prosecuting attorney, and her evasion from detection thereafter also made her unavailable

under the "ordinary meaning of the word." *Id.* When someone is not available, that person is not "at hand," "readily obtainable; accessible," or "free or ready to be seen, spoken to." *Random House Webster's College Dictionary* (1992), p 94.[5] In light of the totality of the circumstances surrounding this case and the decision in *Meredith, supra,* we conclude that the complainant was "unavailable" for purposes of MRE 804(a)(2).[6]

In light of the complainant's unavailability, MRE 804(b)(1) permits the trial court to admit into evidence her former testimony from the preliminary examination because defense counsel had an opportunity and similar motivation to develop her testimony on cross-examination. *Meredith, supra* at 66-67. We also believe that use of the preliminary examination testimony does not violate defendant's constitutional right to confront prosecutorial witnesses, US Const, Am VI; Const 1963, art 1, § 20. Because MRE 804(b)(1) is a hearsay exception firmly rooted in American jurisprudence, the Confrontation Clause is

---

[5] Because the prosecution procured the complainant's presence on the day of trial by means of a subpoena but she left before testifying, we do not conclude that the prosecution must establish her unavailability under MRE 804(a)(5), which requires that the witness be "absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown." We can find no cases, and the parties present none, where the due diligence requirement has been applied to witnesses who appear to testify and then disappear before testifying. See *People v James (After Remand),* 192 Mich App 568, 571-573; 481 NW2d 715 (1992) (efforts made on the eve of trial to secure the presence of a witness who testified at the preliminary examination over three years before trial were not sufficiently reasonable to satisfy the due diligence standard).

[6] We also note that because the complainant initially appeared at the courthouse on the day of trial pursuant to a subpoena, her departure constituted refusal to *testify* "despite an *order of the court* to do so" (emphasis added). MRE 804(a)(2).

satisfied when the complainant's prior testimony is admitted because that testimony bears satisfactory indicia of reliability, without more. *Meredith, supra* at 67-71.

Accordingly, we find that the trial court abused its discretion in denying the prosecution's motion to admit into evidence the unavailable complainant's preliminary examination testimony and in dismissing the case without prejudice. In light of our finding, we need not reach the other issue raised by the prosecution on appeal.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.