*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID MITCHELL TOKARSKI,

        Defendant-Appellant.

UNPUBLISHED
April 15, 2021

No. 352481
Livingston Circuit Court
LC No. 19-025814-FH

Before: CAMERON, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of domestic violence, third offense, MCL 750.81(5). He was sentenced as a habitual offender, fourth offense, MCL 769.12, to 3 to 15 years' imprisonment. Defendant was also ordered to pay court costs of $550.[1] Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant and the victim knew each other for 25 years, but began a romantic relationship in 2017. Although the victim essentially described their overall relationship as positive, she acknowledged that defendant could become "violently mean" when he excessively consumed alcohol. Consequently, after defendant consumed alcohol, the victim claimed that defendant assaulted her on September 16, 2017, and on September 23, 2018.[2] However, defendant testified

---

[1] Defendant was acquitted of the charge of interference with electronic communication, MCL 750.540(5)(a). At the sentencing hearing, the trial court ordered court costs of $550.67, but the judgment of sentence set the amount at $550. A court speaks through its written orders, not its oral pronouncements. *People v Mysliwiec*, 315 Mich App 414, 418 n 2; 890 NW2d 691 (2016).

[2] After defendant was sentenced in this case, he pleaded guilty to domestic violence arising from the September 23, 2018 offense in Ingham County, and was sentenced to 3 to 5 years' imprisonment.

that the couple argued and the victim was the aggressor. Nonetheless, the couple continued their relationship.

On June 16, 2019, the couple were camping and living in defendant's truck. As defendant drove the truck, the couple had an argument about the advertisements appearing on the cellular telephone that they both used. Defendant pulled the truck over, and the victim requested the cell phone to call her mother for a ride. Defendant smashed and broke the cell phone and lunged on top of the victim. He placed his knees on the victim's chest and struck her in the head. Defendant returned to the driver's seat, the victim was able to leave the truck, and he drove away. A man driving by stopped and allowed the victim to use his cell phone to call the victim's mother. The victim's mother picked the victim up, photographed the victim's injuries, and called the police because of the escalating violence that she feared would lead to the victim's death. On the contrary, defendant testified that the couple argued over the victim's contact with a man, the victim broke the cell phone, and he denied causing any of the victim's documented physical injuries. Despite defendant's testimony, the jury convicted him of domestic violence, third offense.

## II. OTHER ACTS EVIDENCE

Defendant first contends that the trial court committed clear error in granting the prosecutor's motion to allow other acts evidence pursuant to MCL 768.27b because the probative value of that testimony was substantially outweighed by the danger of unfair prejudice. We disagree.

The charges in this case arose from domestic violence that occurred on June 16, 2019. Pursuant to MCL 768.27b, the prosecutor was allowed to present evidence of two other prior similar acts of domestic violence by defendant with the same victim, his girlfriend. These similar acts occurred on September 16, 2017, and September 23, 2018.

A review of the record reveals that two months before trial, the prosecutor filed the notice under MCL 768.27b regarding other acts of domestic violence. Defendant did not challenge the admission of this evidence. However, just prior to the admission of the other acts evidence at trial, defendant contested admission of the evidence that he fled the police and was apprehended by the canine unit in a ditch.

On appeal, defendant has expanded his argument to allege that none of the other acts evidence should have been admitted because of unfair prejudice. The issue of whether the court erred in permitting the admission of other acts evidence under MCL768.27b is not preserved for appeal because defendant did not raise this issue in the trial court. Therefore, defendant must demonstrate plain error that affected his substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To avoid forfeiture under the plain error rule: 1) error must have occurred, 2) the error was plain, i.e., it is clear or obvious, and 3) the plain error affected the defendant's substantial rights. *Id*. To establish plain error affecting substantial rights, prejudice must be shown such that the error affected the outcome of the lower court proceeding. *Id*. at 763.

MRE 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

MRE 404(b) provides, in pertinent part:

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

However, MCL 768.27b(1) provides in pertinent part:

[I]n a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

In *People v Railer*, 288 Mich App 213, 219; 792 NW2d 776 (2010), this Court explained the interaction between MRE 403, MRE 404b, and MCL 768.27b:

Evidence is generally admissible if it is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice. MRE 402; MRE 403; *People v Taylor*, 252 Mich App 519, 521; 652 NW2d 526 (2002). Under MRE 404(b), the prosecution may not present evidence of a defendant's other crimes, wrongs, or acts in order to show a defendant's propensity to commit crime. *People v Magyar*, 250 Mich App 408, 413-414; 648 NW2d 215 (2002). Notwithstanding the prohibition, however, in cases of domestic violence, MCL 768.27b permits evidence of prior domestic violence in order to show a defendant's character or propensity to commit the same act. *People v Schultz*, 278 Mich App 776, 778; 754 NW2d 295 (2008).

In *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), the Court stated:

All evidence offered by the parties is "prejudicial" to some extent, but the fear of prejudice does not generally render the evidence inadmissible. It is only when the probative value is *substantially outweighed* by the danger of unfair prejudice that evidence is excluded. [Emphasis in original.]

Applying the *Mills* and *Railer* decisions, we conclude that the prosecutor complied with MCL 768.27b(2) by timely filing notice of intent to admit evidence of prior acts of domestic violence. Defendant did not file an objection to the MCL 768.27b motion. By enacting MCL 768.27b, our Legislature concluded that, in cases of domestic violence and sexual assault, other similar acts of domestic violence and sexual assault were admissible for any relevant purpose, including to show "a defendant's character or propensity to commit the same act." *Railer*, 288

Mich at 219-220. The *Railer* Court added: "While this evidence was certainly damaging and prejudicial – as is most evidence presented against a criminal defendant – it was by no means inflammatory, nor did it interfere with the jury's ability to logically weigh the evidence." *Id*. at 220-221. The trial court did not clearly err in granting the prosecutor's motion to allow other acts evidence at trial pursuant to MCL 768.27(b). Defendant has failed to demonstrate a plain error that affected his substantial rights. *Carines,* 460 Mich at 763.[3]

## III. FORMER TESTIMONY

Next, defendant submits that the trial court erred in granting the prosecutor's motion to read into evidence the testimony of defendant's son from the preliminary examination in the September 23, 2018, case, which was held in Ingham County. We disagree.

A trial court's decision to admit evidence will not be reversed absent an abuse of discretion. *People v Burger*, 331 Mich App 504, 510; 953 NW2d 424 (2020). A trial court abuses its discretion when it renders a decision that is not within the range of reasonable and principled outcomes. *Id*. However, a trial court necessarily abuses its discretion when it commits an error of law. *Id*.

MRE 804(b)(1), in effect at the time of the trial, provided:

> (b) **Hearsay Exceptions.** The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

> (1) *Former Testimony*. Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Both the United States and Michigan constitutions guarantee criminal defendants the right to confront the witnesses against them. US Const Am VI; Const 1963, art 1, § 20. "[T]he Confrontation Clause applies to 'witnesses' against the accused . . . ." *People v Bruner*, 501 Mich 220, 227; 912 NW2d 514 (2018). "Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford v Washington*, 541 US 36, 59; 124 S Ct 1354; 158 L Ed 2d 177 (2004). "Statements are testimonial if the 'primary purpose' of the statements or the questioning that elicits them 'is to establish or prove past events potentially relevant to later

---

[3] Defendant's reliance on *People v VanderVliet*, 444 Mich 52, 64; 508 NW2d 114 (1993), is misplaced because the Court did not apply MCL 768.27b(1). We also conclude that the trial court did not abuse its discretion by admitting the evidence of fleeing. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). The trial court found that the evidence was relevant and provided a jury instruction addressing the limited application of the other acts evidence.

criminal prosecution.' " *People v Garland,* 286 Mich App 1, 10; 777 NW2d 732 (2009), citing *Davis v Washington*, 547 US 813, 822; 126 S Ct 2266; 165 L Ed 2d 224 (2006).

The "use of the preliminary examination testimony does not violate defendant's constitutional right to confront prosecutorial witnesses." *People v Adams*, 233 Mich App 652, 659; 592 NW2d 794 (1999). When a witness is unavailable, the use of former testimony from the preliminary examination is permissible "because defense counsel had an opportunity and similar motivation to develop . . . testimony on cross-examination." *Id.* "The Confrontation Clause is satisfied when the complainant's prior testimony is admitted because that testimony bears satisfactory indicia of reliability, without more." *Id.* at 659-660. "The right of confrontation is concerned with a specific type of out-of-court statement, i.e., the statements of 'witnesses,' those people who bear testimony against a defendant. *People v Fackelman*, 489 Mich 515, 528; 802 NW2d 552 (2011), citing to *Crawford.* 541 US at 51. The *Fackelman* Court further held:

> By its straightforward terms, the Confrontation Clause directs inquiry into two questions: (1) Does the person in controversy comprise a "witness against" the accused under the Confrontation Clause; and (2) if so, has the accused been afforded an opportunity to "confront" that witness under the Confrontation Clause? [*Id*. at 562.]

On appeal, defendant does not dispute that the witness was unavailable or that the prosecutor exercised due diligence. Rather, defendant argues that his right of confrontation was not protected because the defense attorney at the preliminary examination was not the same attorney that represented defendant at trial. Defendant has presented no authority to support the contention that the cross-examining attorney at both proceedings must be the same individual. An appellant may not simply make an assertion and leave it up to this Court to discover the basis for his claims or search for authority to support his position. *People v Bowling*, 299 Mich App 552, 559-560; 830 NW2d 800 (2013). Accordingly, defendant's challenge on this basis is without merit.

Regardless, the Confrontation Clause requires only that the "complainant's prior testimony . . . bears satisfactory indicia of reliability, without more." *Adams*, 233 Mich at 659-660. When a witness is unavailable, the use of former testimony from the preliminary examination is permissible "because defense counsel had an opportunity and similar motivation to develop . . . testimony on cross-examination." *Id.* Yet, defendant failed to identify what additional questions his attorney would have asked had he been the attorney cross-examining his son at the preliminary examination.

Our review of the testimony from the prior hearing clearly reveals that the witness was carefully questioned by both attorneys and by the trial court. Defendant failed to present any evidence that the prior testimony did not bear "satisfactory indicia of reliability." Rather, defendant was represented by an attorney and was "afforded an opportunity to 'confront' that witness" in the Ingham County preliminary examination. That attorney "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." MRE 804b(1). In addition, defendant's son was called as a witness for *defendant* in the Ingham County case and his testimony was actually exculpatory. Contrary to the testimony from the victim, defendant's son testified that he did not see defendant put his hands around her throat or slam her head against

the bathtub or wall. He characterized what was happening as "tussling" and "arguing." He claimed that both individuals had been drinking heavily, and that the victim had a history with drugs. He testified that he only saw "a little scratch underneath her eye, no real big bruises." Under the circumstances, defendant was not denied his constitutional right to confrontation when the trial court permitted the prosecutor to read into the record defendant's son's testimony from a prior hearing.

## IV. COURT COSTS

Finally, defendant contends that the trial court abused its discretion at sentencing when it imposed court costs of $550 because the court costs were excessive, unrelated to the circumstances of the case, and a factual basis for imposing the costs was not articulated. This claim of error does not entitle defendant to appellate relief.

In the trial court, defendant did not preserve this issue by objection to the imposed costs. Therefore, he must demonstrate that the court committed plain error that affected his substantial rights or affected the outcome of the lower court proceedings. *Carines*, 460 Mich at 763.

"[C]ourts may impose costs in criminal cases only where such costs are authorized by statute." *People v Cunningham*, 496 Mich 145, 149; 852 NW2d 118 (2014). Indeed, MCL 769.1k provides trial courts with the authority to impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case[.]" MCL 769.1k(1)(b)(*iii*). By statute, those actual costs include:

> (A) Salaries and benefits for relevant court personnel.
>
> (B) Goods and services necessary for the operation of the court.
>
> (C) Necessary expenses for the operation and maintenance of court buildings and facilities. [MCL 769.1k(1)(b)(*iii*)(A)-(C).]

A trial court is not required to separately calculate the court costs, but it is required to " 'establish a factual basis' from which this Court can 'determine whether the costs imposed were reasonably related to the actual costs incurred by the trial court.' " *People v Stevens*, 318 Mich App 115, 121; 896 NW2d 815 (2016), quoting *People v Konopka (On Remand)*, 309 Mich App 345, 359-360; 869 NW2d 651 (2015).

In this case, the trial court did not provide a factual basis for its assessment of $550 in court costs. However, in *People v Posey*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket Nos. 345491, 346039, 351834) slip op at 12, a defendant convicted in Wayne County challenged the trial court's failure to explain the factual basis for the imposition of $1,300 in court costs. The prosecutor presented a document from the State Court Administrator's Office (SCAO) calculating the average cost of a criminal case in the Wayne Circuit Court at $1,302. Additionally, during the resentencing, the trial court explained that $1,300 was the amount deemed to be the average cost to process a case through the Wayne County Circuit Court by the SCAO. *Id.*

In 2014, the Livingston County judges, their court administrator, and their probation supervisor evaluated the average court costs calculated by SCAO, determined that the county fees

were "a little high," and lowered the court costs fee structure accordingly. Consequently, regardless of income level, the court costs necessitated by a one-year sentence was $600, and the fees increased in accordance with the length of sentence. These instructions were given to the county's parole and probation staff to provide direction regarding the calculation of court costs and fines.[4] Thus, applying the *Posey* decision and the Livingston County fee structure for court costs, we conclude that the assessment of $550 in court costs in this criminal case fell below the average cost of processing a case in that jurisdiction.

Moreover, defendant failed to object in the trial court to the determination of court costs, and therefore, our review is limited to plain error affecting substantial rights. *Posey*, slip op at 12. Further, defendant failed to present an argument under the prejudice prong of the plain error test, and therefore, even where "the trial court plainly erred by failing to articulate the factual basis for the court costs imposed," our defendant "has not demonstrated any of the requisite 'prejudice, i.e., that the error affected the outcome of the lower court proceedings.' " *Id*. (Citation omitted). We reject defendant's challenge.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly

---

[4] The prosecutor attached the memorandum addressing court costs and fines to the brief on appeal. Generally, information not presented in the lower court may not be used to expand the record on appeal. *People v Nix*, 301 Mich App 195, 203; 836 NW2d 224 (2013). However, we have the authority to permit additions to the record. MCR 7.216(A)(4). Additionally, judicial notice is a substitute for actual proofs presented by the parties. *Winekoff v Pospisil*, 384 Mich 260, 268; 181 NW2d 897 (1970). A judicially noticed fact is one not reasonably subject to dispute because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." MRE 201(b). Judicial notice may be taken at any stage of a proceeding, whether requested or not. MRE 201(c), (e). A court may take judicial notice of its own records and files. *Prawdzik v Heidema Bros, Inc*, 352 Mich 102, 112; 89 NW2d 523 (1958). For reasons of judicial economy, we take judicial notice of the average court costs pertaining to the Livingston circuit court.