*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

VINCENT ESTES,

        Defendant-Appellant.

UNPUBLISHED
October 31, 2025
11:30 AM

No. 371308
Wayne Circuit Court
LC No. 22-005683-01-FC

Before: SWARTZLE, P.J., and ACKERMAN and TREBILCOCK, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions arising from an armed robbery, arguing that the trial court erred by denying his third court-appointed attorney's request to withdraw one week prior to trial and by admitting the victim's preliminary examination testimony, and that he did not receive effective trial counsel because his attorney did not advise him of certain details on plea offers presented prior to trial. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of an armed robbery of Malik McCloud at a liquor store in Detroit. Shortly after McCloud arrived at the liquor store, defendant—while intoxicated—brandished a gun and pointed it at McCloud. Defendant reached into McCloud's pockets with his left hand while pointing the gun at McCloud with his right hand. When McCloud pulled all the cash he had from his pockets, defendant "snatched" the money from his hand and left the scene. For that incident, he was charged with armed robbery, MCL 750.529; felon in possession of a firearm (felon-in-possession), MCL 750.224f; and two counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b.

In the months leading up to trial, three different attorneys represented defendant. His initial attorney was replaced on February 6, 2023, after defendant expressed dissatisfaction with the representation and indicated to the court that there was a breakdown in the attorney-client relationship. A few months later, the trial court allowed defendant's second attorney to withdraw from representation and appointed a third attorney to represent defendant after defendant advised the court multiple times that he was unable to get in contact with his second court-appointed

attorney. There were no reported issues until March 22, 2024, when at the pretrial hearing held one week prior to commencement of trial, defendant's counsel indicated to the court that defendant believed there was a breakdown of the attorney-client relationship and wanted new counsel. Citing the two prior appointed attorneys and the impending trial, the trial court denied his request for another attorney without further inquiry.

Leading up to trial, the prosecution offered defendant several plea agreements, with the most favorable being the offer to plead guilty to a reduced count of unarmed robbery, with an agreed-upon sentence of 3 to 15 years, in exchange for the prosecution dismissing the other three charges and a second-offense habitual offender notice. These plea offers were placed on the record several times, and the trial court detailed the risks associated with trial with specificity. However, defendant refused all offers and opted to instead proceed to trial.

Of note at defendant's trial, McCloud appeared pursuant to a subpoena but refused to testify. The trial court held McCloud in contempt, found him to be unavailable under MRE 804, and permitted his preliminary examination testimony to be read into the record. At defendant's insistence, his attorney orally requested the trial court dismiss the charges because McCloud refused to testify. The trial court summarily denied the motion, and the jury ultimately found defendant guilty of armed robbery, felon-in-possession, and two counts of felony-firearm. This appeal by right followed.

## II. SUBSTITUTION OF COUNSEL

Defendant first argues that he is entitled to a new trial because the trial court failed to inquire into the breakdown of the attorney-client relationship between defendant and his trial counsel when counsel notified the court of defendant's dissatisfaction with her representation during a pretrial hearing. This court reviews a trial court's decision regarding substitution of counsel for an abuse of discretion, *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001), which "occurs when the trial court's decision is outside the range of principled outcomes," *People v Daniels*, 311 Mich App 257, 265; 874 NW2d 732 (2015). Through this deferential standard of review, we find no error requiring reversal.

Both the United States and Michigan Constitutions guarantee a defendant's right to counsel. US Const, Am VI; Const 1963, art 1, § 20. The right to the effective assistance of counsel is "fundamental." *People v Lane*, 308 Mich App 38, 67; 862 NW2d 446 (2014). This constitutional right requires the state to appoint legal counsel to indigent criminal defendants who request an attorney. *People v Jackson*, 483 Mich 271, 278; 769 NW2d 630 (2009). However, a defendant "is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced." *People v Strickland*, 293 Mich App 393, 397; 810 NW2d 660 (2011), quoting *People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991) (quotation marks omitted). Indeed, "[a]s an indigent receiving counsel at public expense, [a] defendant [is] not entitled to choose his attorney." *People v Ackerman*, 257 Mich App 434, 456; 669 NW2d 818 (2003). Rather, a substitution of counsel is warranted "only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process." *People v McFall*, 309 Mich App 377, 382-383; 873 NW2d 112 (2015) (quotation marks and citation omitted).

When the defendant alleges the breakdown in the attorney-client relationship, "the judge is obligated to inquire whether such allegations are true." *People v Bass*, 88 Mich App 793, 802; 279 NW2d 551 (1979).[1] But a trial court's failure to conduct an inquiry into a defendant's claim that his appointed counsel should be replaced does not necessarily require that a subsequent conviction be set aside. *People v Buie (On Remand)*, 298 Mich App 50, 67; 825 NW2d 361 (2012). When defense counsel thereafter performs adequately to protect a defendant's interests at trial, the defendant has not been prejudiced by the trial court's denial of the request for substitution of counsel, and the defendant is not entitled to a new trial. *Id*.

That principle controls this appeal. To be sure, the trial court's determination during the March 22, 2024 pretrial hearing that defendant was not entitled to have yet another attorney substituted in due to defendant's asserted dissatisfaction with counsel was brief and without inquiry into the alleged breakdown in the relationship:

> [*Defense Counsel*]: [Defendant] asked me to set this date because there's been a breakdown and he wishes—
>
> *The Court*: It can't possibly [sic] a breakdown and we have a trial date scheduled April 1st. [Defendant] has had a number of attorneys. The Court is not giving him another attorney.
>
> [*Defense Counsel*]: Understood, your Honor.
>
> *The Court*: We have a trial date April 1st.
>
> [*Defense Counsel*]: Understood.
>
> *The Court*: I'll see the parties there.
>
> [*Defendant*]: Okay.

Yet, the record reflects that defendant's counsel diligently represented his interests. Before trial, defense counsel hired a private investigator to locate potential witnesses. She made a motion in limine to exclude certain video evidence (which the court ultimately denied), moved to dismiss the case based on McCloud's refusal to testify, cross-examined the prosecution's witnesses, and presented arguments to the jury. Indeed, other than the alleged failure to explain that voluntary intoxication is not a defense (which we discuss further below), defendant does not take issue with his counsel's performance at trial or explain how a different attorney would have assisted him in a manner that resulted in his acquittal. Moreover, the substitution of counsel on the eve of trial would have unreasonably disrupted the judicial process. *Id*. In these circumstances, defendant is not entitled to the reversal of his convictions on appeal.

---

[1] Although decisions of this Court issued before November 1, 1990, are not strictly binding under MCR 7.215(J)(1), published opinions have precedential effect under the rule of stare decisis under MCR 7.215(C)(2). *People v Ziegler*, 343 Mich App 406, 413 n 6; 997 NW2d 493 (2022).

### III. MCCLOUD'S PRELIMINARY EXAMINATION TESTIMONY

Next, defendant argues that the trial court erroneously admitted McCloud's preliminary examination testimony under MRE 804(b)(1) because defendant did not have "similar motive to develop the testimony" by cross-examination in the prior hearing. Relatedly, defendant asserts that the admission of McCloud's prior testimony violated his rights under the Confrontation Clauses of the Michigan and United States Constitutions because he did not have an adequate opportunity to cross-examine McCloud. We disagree on both counts.

Defendant properly preserved his objection to McCloud's testimony under MRE 804 in trial court, so the standard of review applicable to the trial court's evidentiary rulings is as follows:

> The decision whether to admit evidence is within a trial court's discretion. This Court reverses it only where there has been an abuse of discretion. However, the decision frequently involves a preliminary question of law, such as whether a rule of evidence or statute precludes the admission of the evidence. We review questions of law de novo. Therefore, when such preliminary questions are at issue, we will find an abuse of discretion when a trial court admits evidence that is inadmissible as a matter of law. [*People v Katt*, 468 Mich 272, 278; 662 NW2d 12 (2003) (citations omitted).]

But he did not raise a constitutional objection below, rendering it unpreserved and subject to plain error review. *People v Sands*, 261 Mich App 158, 160; 680 NW2d 500 (2004). To establish that a claim of error warrants reversal under the plain-error standard, the following four elements must be met:

> First, there must have been an error. Deviation from a legal rule is "error" unless the rule has been waived. Second, the error must be plain, meaning clear or obvious. Third, the error must have affected substantial rights. This generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. The defendant bears the burden of establishing prejudice. Fourth, if the first three requirements are met, reversal is only warranted if the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of judicial proceedings. [*People v Shafier*, 483 Mich 205, 219-220; 768 NW2d 305 (2009) (quotation marks and citations omitted).]

Both the Michigan and United States Constitutions provide a defendant the right to be confronted with the witnesses against him or her. US Const, Am VI; Const 1963, art 1, § 20. "The Confrontation Clause prohibits the admission of all out-of-court testimonial statements unless the declarant was unavailable at trial and the defendant had a prior opportunity for cross-examination." *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610 (2007). Generally speaking, the Confrontation Clause "guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *United States v Owens*, 484 US 554, 559; 108 S Ct 838; 98 L Ed 2d 951 (1988) (quotation marks and citation omitted); see also *Crawford v Washington*, 541 US 36, 57; 124 S Ct 1354; 158 L Ed 2d 177 (2004).

The Michigan Rules of Evidence, likewise, generally prohibit out-of-court statements offered to prove the truth of the matter as inadmissible hearsay. MRE 801(c); MRE 802. However, MRE 804(b)(1) provides an exception to the general rule that permits the admission of prior testimony when the declarant is unavailable as a witness and the testimony offered "was given as a witness at a trial or hearing whether given during the current proceeding or a different one." MRE 804(b)(1)(A).[2] A declarant is considered unavailable as a witness if he or she "refuses to testify about the subject matter despite a court order to do so." MRE 804(a)(2).

Additionally, MCL 768.26 provides:

> Testimony taken at an examination, preliminary hearing, or at a former trial of the case, or taken by deposition at the instance of the defendant, may be used by the prosecution whenever the witness giving such testimony can not, for any reason, be produced at the trial, or whenever the witness has, since giving such testimony become insane or otherwise mentally incapacitated to testify.

On appeal, Defendant concedes McCloud was unavailable under MRE 804(a), yet attacks the propriety of reading McCloud's preliminary examination testimony to the jury because the preliminary examination did not afford defense counsel an adequate opportunity to cross-examine McCloud.

In *People v Adams*, 233 Mich App 652, 659; 592 NW2d 794 (1999), this Court reasoned that MRE 804(b)(1) permitted the trial court to admit the declarant's preliminary examination testimony because the "defense counsel had an opportunity and similar motivation to develop her testimony on cross-examination." Additionally, this Court concluded that the "use of the preliminary examination testimony does not violate defendant's constitutional right to confront prosecutorial witnesses" because "that testimony bears satisfactory indicia of reliability. . . ." *Id*. at 660. Furthermore, the Confrontation Clause "guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *United States v Owens*, 484 US 554, 559; 108 S Ct 838; 98 L Ed 2d 951 (1988) (quotation marks, citation, and emphasis omitted). Like numerous panels before us, we see no reason to depart from this well-reasoned precedent—as was the case in *Adams*, the trial court complied with MRE 804 and defendant was not denied his constitutional right to confrontation when the trial court appropriately permitted McCloud's prior testimony to be read into the record at defendant's trial because defense counsel had the opportunity and similar motivation to develop McCloud's testimony on cross-examination at the preliminary examination.

---

[2] The Michigan Rules of Evidence were amended effective January 1, 2024. See 512 Mich lxiii (2023). MRE 804 was again amended effective April 11, 2024, 513 Mich xci (2024), and effective May 1, 2024, 513 Mich lxx (2024). This opinion references the version of MRE 804 that was in effect at the time of defendant's trial on April 1, 2024. However, the amendments effective April 11, 2024, and May 1, 2024, do not change the substance of this Court's analysis.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING PLEA BARGAIN

Defendant argues that his trial counsel's failure to properly advise him that voluntary intoxication is not a valid defense denied him the effective assistance of counsel. Based on that failure of counsel, defendant asserts, he rejected a very favorable plea offer that should be reinstated under *Lafler v Cooper*, 566 US 156; 132 S Ct 1376; 182 L Ed 2d 398 (2012). This issue is preserved based on defendant's motion to remand, which was previously denied by this Court, without prejudice. *People v Estes*, unpublished order of the Court of Appeals, entered February 19, 2025 (Docket No. 371308).

The constitutional right to counsel extends to the effective assistance of counsel in the plea-bargaining process. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). When presented with a plea offer, "[d]efense counsel must explain to the defendant the range and consequences of available choices in sufficient detail to enable the defendant to make an intelligent and informed choice." *People v Jackson*, 203 Mich App 607, 614; 513 NW2d 206 (1994). To obtain relief for the ineffective assistance of counsel in this context, a defendant must show "(1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 163. When a defendant alleges that he rejected a plea offer due to his attorney's ineffective assistance,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Lafler*, 566 US at 164.]

The defendant bears the burden of establishing the factual predicate of his ineffective-assistance claim. *Douglas*, 496 Mich at 592. "[E]ffective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018) (quotation marks and citation omitted; alteration in original). Because no *Ginther*[3] hearing was held, this Court's review is for errors apparent on the record. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). "If the record does not contain sufficient detail to support defendant's ineffective assistance claim, then he has effectively waived the issue." *People v Foster*, 319 Mich App 365, 390; 901 NW2d 127 (2017) (quotation marks and citation omitted).

There is no dispute that the prosecution offered for defendant to plead guilty to unarmed robbery with a 3- to 15-year sentence in exchange for dismissing the remaining counts and the habitual-offender enhancement. However, defendant did not accept the offer (on several

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

occasions) and instead indicated he would like to proceed to trial. Again, on the first day of trial, the prosecution made another offer that was less favorable to defendant, which he again declined to take.

Defendant faults his attorney for failing to advise him that voluntary intoxication is not a valid defense and incorrectly told him—as documented by electronic evidence on his cellphone—that McCloud's refusal to testify would be grounds for dismissal (which instead permitted the prosecution to use McCloud's testimony as set forth above). In support of his argument, defendant directs this Court to his statements made during his sentencing hearing:

> I would like the Court to consider the fact that I was intoxicated. I talked to my family attorney on the day in question. I was really intoxicated. In fact not only had I abused alcohol but I consumed 4 ecstasy pills as evidenced and by the medical records I received from the hospital from the passing out due to being up several days without eating and drinking due to the amount of drugs in my system.
>
> * * *
>
> I would like the Court to consider the fact that I only rejected the three year plea because I believed we would be raising that defense involving my intoxication.
>
> * * *
>
> Because my attorney didn't inform me that if the victim chose not to testify they could, they could read in his prior testimony at the pre exam and find me guilty based on that. I was informed that if he choose [sic] not to testify or was not otherwise unavailable she would put in a motion for dismissal. I have it on my phone. Had I known this was a possibility I woulda [sic] accepted the three year plea in light of these factors which are mitigating factors. I'm asking for the, a sentence of the previous 3 year plea or inpatient treatment progress [sic] and something to help with my mental illness.

We disagree that this statement alone satisfies defendant's burden to identify in the record an apparent error by counsel establishing the factual predicate of his claim—that his attorney did not advise him that voluntary intoxication is not a valid defense.

As an initial matter, defendant's allocution at sentencing is not testimony. *People v Dixon-Bey*, 340 Mich App 292, 301; 985 NW2d 904 (2022). He did not give his statement under oath, and he was reading from a letter that he drafted and someone else reviewed. As Justice ZAHRA observed in the context of an affidavit, "not being notarized or otherwise having been taken before a person having authority to administer an oath or affirmation, the document carries no more weight than a letter outlining defendant's complaints about his trial counsel." *People v Ybarra*, 493 Mich 862, 864 (2012) (ZAHRA, J., concurring). An unsworn statement does not "make a sufficient offer of proof of the evidence to be established at a hearing." *Id.*

Even if one were to view defendant's statement differently, it still does not make apparent whether she properly advised him regarding the validity of the defense. Defendant's statement at his sentencing reveals that *he believed* he would be able to raise voluntary intoxication as a defense; it does not address whether his attorney advised him that voluntary intoxication is not a defense.

In short, all that his statement provides is that he "believed" intoxication was going to be raised, yet nothing demonstrates what formed the factual predicate of that belief. And as to his claim that his attorney incorrectly informed him that his case would be dismissed if McCloud did not testify at trial, the record belies this assertion inasmuch as defendant's attorney made a motion to dismiss the case for this reason at defendant's insistence—which strongly implies that his attorney did not believe the motion was warranted by law. In sum, the record is silent on what defendant's trial counsel did or did not advise him regarding voluntary intoxication and that failure dooms his ineffective-assistance claim.

Defendant alternatively requests that this Court remand for an evidentiary hearing because the record is incomplete concerning what advice counsel gave or failed to give regarding his intoxication. This Court previously denied defendant's motion for remand, without prejudice, for failure to persuade the Court of the necessity of a remand. *Estes*, unpub order. On discretionary review, *People v Chapo*, 283 Mich App 360, 369; 770 NW2d 68 (2009), we decline to remand for further proceedings for the reasons largely discussed above—defendant has not sufficiently made an "offer of proof" under MCR 7.211(C)(1)(a), and the substance of his statement does not demonstrate the need for an evidentiary hearing or describe the witnesses he would call or the testimony he would present at an evidentiary hearing on the issue.

## V. CONCLUSION

For these reasons, we affirm the trial court's judgment.

/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman
/s/ Christopher M. Trebilcock